# Charles H. Seaman, Appellee, v. Frank's Collateral Loan Bank, Appellant.

## Gen. No. 16,514.

PLEDGES—*who not authorized to make.* Personal property turned over to another, to sell and turn over the proceeds, or else to return the property, cannot by such person be pledged even though the pledgee be an innocent third party without notice.

Appeal from the County Court of Cook county; the HON. WILLIAM C. DE WOLF, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

JETZINGER & SELIGMAN, for appellant.

HARVEY STRICKLER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

There was a recovery in this case by the appellee of a judgment against the appellant for $325, the alleged value of a diamond ring. The suit was in trover and was tried before the court without a jury. We are asked to reverse the case, principally on the ground that the finding is against the manifest weight of the evidence.

On the part of Seaman, the plaintiff below, the testimony tended to show that one Louise Berg, wife of Louis Berg, obtained the ring in question from Seaman, together with another ring and a brooch for the purpose of showing them to a prospective purchaser. The transaction was entered in a memorandum book kept by the plaintiff, by the man who attended to the business. This man it appears occupied the store with Seaman and occasionally acted for him in such matters. In this memorandum the price at which the three articles should respectively be sold was shown.

From the defendant's testimony it appears, and it is uncontradicted, that Louise Berg turned the jewelry over to her husband, Louis Berg, and that the latter hypothecated the ring in question with the defendant.

We think it quite clear from all the evidence in the case that the understanding when the rings and brooch were turned over to Louise Berg was that she was authorized to sell them at the price mentioned, and was either to return the goods or turn over the amount for which they were sold. Title to the property, we think, never passed to Louise Berg. It is argued that because she was given the privilege of selling it, that as to third parties the transaction must be treated as a sale. The case of House v. Beak, 141 Ill. 290, is cited with other cases. These cases, however, are not in point because there is no evidence tending to show

that Mrs. Berg or her husband was authorized to hypothecate the ring.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*